Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| MERCEDES MALDONADO COLLAZO

Recurrida

V.

FRANCISCO ORSINI MALDONADO

Peticionario | TA2026CE00122 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan

Caso Núm.: SJ2025CV04354

Sobre: Desahucio en Precario |
| --- | --- | --- |

Panel integrado por su presidenta; la Juez Lebrón Nieves, el Juez Pagán Ocasio y la Jueza Álvarez Esnard

*Lebrón Nieves, Juez Ponente*

## SENTENCIA

En San Juan, Puerto Rico, a 20 de marzo de 2026.

El 2 de febrero de 2026, compareció ante este Tribunal de Apelaciones, el señor Francisco Orsini Maldonado (en adelante, señor Orsini Maldonado o parte peticionaria), mediante *Certiorari*. Por medio de este, nos solicita que, revisemos la *Sentencia* emitida y notificada el 18 de noviembre de 2025 y la *Orden* emitida y notificada el 26 de enero de 2026, por el Tribunal de Primera Instancia, Sala Superior de San Juan. En virtud de la *Sentencia*, el foro *a quo* declaró Ha Lugar la *Demanda* presentada por la señora Mercedes Jeouri Maldonado (en adelante, señora Jeouri Maldonado o parte recurrida) en representación de la señora Mercedes Maldonado Collazo (en adelante, señora Maldonado Collazo). Mientras que, mediante la *Orden*, el foro recurrido declaró No Ha Lugar la *Solicitud de Relevo de Sentencia* presentada por la parte peticionaria.

Por los fundamentos que adelante se esbozan, se *expide* el recurso de *certiorari*, se *revoca* el dictamen recurrido y se devuelve el caso al Tribunal de Primera Instancia para que celebre una vista

evidenciaria para determinar si el señor Orsini Maldonado fue emplazado adecuadamente.

**I**

Los hechos que suscitaron el recurso de epígrafe se remontan a una *Demanda* sobre desahucio en precario presentada por la parte recurrida en contra del señor Orsini Maldonado. En su *Demanda*, la parte recurrida alegó ser dueña del apartamento C-31 ubicado en el Condominio Magdalena en Santurce. Sostuvo que, dicha propiedad se encontraba bajo ocupación y dominio de la parte peticionaria, sin contrato y sin consentimiento del titular. Aseguró, además, haberle requerido al señor Orsini Maldonado que desalojara el apartamento, pero que este se había negado a hacerlo. A tales efectos, solicitó al foro primario que, ordenara el desalojo del señor Orsini Maldonado y le impusiera el pago de la suma de $3,000.00 por concepto de honorarios de abogado, costas y gastos legales.

El 21 de mayo de 2025, el Tribunal de Primera Instancia expidió el *Emplazamiento y Citación por Desahucio*. El 4 de junio de 2025, la parte recurrida presentó el *Emplazamiento y Citación por Desahucio*, junto al *Certificado de Diligenciamiento*. Según se desprende del certificado, el señor José M. Castro González indicó que, el 30 de mayo de 2025 no pudo diligenciar el emplazamiento personalmente y explicó "[c]ontacté vía teléfono al Sr. Orsini y me indicó que no se encontraba en su residencia, que estaba en Ponce, por lo que no pudo diligenciarse".

El 4 de junio de 2025, fue celebrada la *Vista de Desahucio*, sin embargo, fue recalendarizada.

Más adelante, la parte recurrida presentó *Moci[ó]n Anejando Documentos*. Junto a la aludida moción incluyó los siguientes documentos: poder duradero y certificación de vigencia, estudio de título jurado del inmueble y certificación registral del inmueble.

Según surge del poder duradero, la señora Maldonado Collazo lo otorgó a favor de la señora Jeouri Maldonado[1].

Así las cosas, el 6 de junio de 2025, el foro *a quo* emitió *Orden* donde dispuso:

> Se ordena a la Secretaría de este Tribunal a expedir Citación para vista de Desahucio a celebrarse el miércoles 25 de junio de 2025, a las 9:00 am, de manera presencial. Una vez expedida la Citación, la parte demandante debe gestionar su diligenciamiento de manera personal sobre el demandado.

En igual fecha fue expedido el *Emplazamiento y Citación por Desahucio*.

La parte recurrida presentó *Moci[ó]n Anejando Declaraci[ó]n Jurada*, en la cual explicó haber realizado varias gestiones para emplazar personalmente a la parte peticionaria. Sin embargo dichas gestiones fueron infructuosas y a tales efectos, solicitó al foro primario que le permitiera emplazar mediante edicto. Según la declaración jurada anejada a la moción, la señora Yahaira Esquilín Quiñones (emplazadora) visitó en múltiples ocasiones el Condominio donde reside el señor Orsini Maldonado, pero no logró contactarse con él.

Según consta en el expediente, el 25 de junio de 2025, se celebró la *Vista de Desahucio*.

El 26 de junio de 2025, el Tribunal de Primera Instancia emitió *Sentencia*. En virtud de esta, dispuso lo siguiente:

> Iniciados los procedimientos, la parte demandante informó que no existe un contrato de alquiler formal entre las partes, sino que este era de forma verbal. Informó, además, que la parte demandada abandonó la propiedad objeto de este litigio. Ante tal abandono, y para mitigar cualquier daño, la parte demandante solicitó retomar la posesión de la propiedad objeto de la Demanda, localizada en: Condominio Magdalena 1309, Apto C-31, Santurce Puerto Rico, 00907.
>
> En virtud de lo anterior, por haberse tornado académico el desahucio de la parte demandada

---

[1] La señora Jeouri Maldonado presentó la *Demanda* en representación de la parte recurrida.

Francisco Orsini Maldonado, se dicta Sentencia para consignar el derecho de la parte demandante Mercedes Maldonado Collazo a retomar la posesión de la propiedad descrita en el segundo párrafo de la presente Sentencia.

La parte recurrida presentó *Moci[ó]n Solicitando Orden y Mandamiento de Lanzamiento en Ejecuci[ó]n de Sentencia.*

Posteriormente, el señor Orsini Maldonado, sin someterse a la jurisdicción del foro *a quo*, presentó *Moción Urgente Solicitando Nulidad de la Sentencia por Falta de Jurisdicción.* En su moción, la parte peticionaria alegó que, la propiedad en cuestión le pertenecía. Aseguró no haber abandonado el apartamento, dado a que el mismo era su única y principal residencia. Según surge de su petitorio, el poder duradero mediante el cual la señora Jeouri Maldonado justificó sus acciones fue impugnado mediante procedimiento judicial en el caso GB2024RF00098. Por lo anterior, la parte peticionaria sostuvo que, la señora Jeouri Maldonado no tenía autoridad legal para presentar un pleito en nombre de la señora Maldonado Collazo. De igual manera, la parte peticionaria solicitó al foro *a quo* la nulidad de la *Sentencia* por falta de emplazamiento.

En respuesta, la señora Jeouri Maldonado presentó *Enérgica Réplica a la Moción Solicitando Nulidad de Sentencia y Solicitud de que se Mantenga en Toda su Fuerza y Vigor la Sentencia Dictada.* En esencia, sostuvo que, la parte peticionaria se sometió a la jurisdicción del foro recurrido al realizar alegaciones en su moción de relevo de sentencia.

Así las cosas, el 2 de julio de 2025, el foro primario emitió *Orden* donde dispuso:

> Habiéndose el demandado sometido a la jurisdicción de este tribunal, y presentado una controversia sobre la titularidad de la propiedad objeto de este caso, se señala Vista Urgente el miércoles 9 de julio de 2025, a las 10:00 am, de manera presencial, para atender los argumentos de las partes. Se apercibe que ambas partes deben comparecer físicamente al tribunal para declarar y/o aclarar dudas bajo juramento.

Transcurridos varios trámites procesales, innecesarios pormenorizar, la parte peticionaria presentó *Moción Reiterando Determinación de Nulidad de Sentencia bajo la Regla 49.2 Falta de Jurisdicción sobre la Persona*. Entre otras cosas, argumentó que no se sometió voluntariamente a la jurisdicción del foro primario mediante la *Moción Urgente Solicitando Nulidad de la Sentencia por Falta de Jurisdicción*. Asimismo reiteró su solicitud de nulidad de sentencia.

Por otro lado, la parte recurrida presentó *Moci[ó]n Reiterando la Expedici[ó]n Orden y Mandamiento de Lanzamiento en Ejecución de Sentencia*. Esta fue declarada No Ha Lugar por el foro *a quo* mediante *Orden* emitida el 9 de julio de 2025.

En igual fecha, el Tribunal de Primera Instancia emitió *Orden* donde determinó lo siguiente:

> Habiéndose dejado en suspenso la Sentencia, mientras se atienden los argumentos y defensas que presentó el demandado sin someterse a la jurisdicción de este Tribunal, y en cumplimiento del debido proceso de ley, se ordena a la Secretaría de este Tribunal expedir Citación para la Vista a celebrarse el miércoles 27 de agosto de 2025, a las 10:30 am, de manera presencial. Una vez expedida la Citación, la parte demandante deberá diligenciar la misma sobre la persona del demandado, de manera que este Tribunal pueda adquirir jurisdicción sobre su persona.

Consecuentemente, el foro recurrido expidió el *Emplazamiento y Citación por Desahucio*.

El 9 de julio de 2025, se celebró una vista donde el foro de primera instancia dejó la *Sentencia* en suspenso.

La parte recurrida presentó el 23 de agosto de 2025, *Moci[ó]n Anejando Segunda Declaraci[ó]n Jurada sobre las Diligencias para la Citaci[ó]n y Notificaci[ó]n del Demandado y la Acci[ó]n de Ep[í]grafe y en Solicitud de Remedio*. Según se desprende de la moción, la parte recurrida intentó diligenciar el emplazamiento y citación, pero, fue infructuoso su intento. A estos efectos, anejó una *Declaración Jurada* donde esbozó las alegadas diligencias realizadas por la

emplazadora Yahaira Esquilín Quiñones. Sin embargo, mediante *Orden* emitida el 5 de agosto de 2025, el foro de primera instancia declaró dicha moción No Ha Lugar y que el asunto planteado se atendería en la vista de desahucio.

El 27 de agosto de 2025, se celebró *Vista de Desahucio*, a la cual compareció el licenciado Edmundo Ayala Oquendo, en representación de la parte recurrida, y el licenciado Mario R. Oronoz Rodríguez, en representación de la parte peticionaria, sin someterse a la jurisdicción del foro *a quo*. En la aludida vista, el foro primario hizo constar que, no tenía jurisdicción sobre el señor Orsini Maldonado, hasta tanto se emplazara conforme a la Regla 4.7 de Procedimiento Civil.

Posteriormente, el 29 de agosto de 2025, la parte recurrida presentó *Moci[ó]n Solicitando Emplazamiento por Edicto*. En la aludida moción, la parte recurrida describió haber realizado esfuerzos para emplazar a la parte peticionaria. No obstante, dichos esfuerzos resultaron infructuosos, según la parte recurrida. Por lo tanto, esta última solicitó al Tribunal de Primera Instancia que expidiera el emplazamiento por edicto, al amparo de la Regla 4.6 de Procedimiento Civil. La referida moción fue declarada Ha Lugar por la primera instancia judicial mediante *Orden* emitida el 2 de septiembre de 2025.

El 5 de septiembre de 2025, el foro *a quo* expidió el *Emplazamiento por Edicto*.

Más adelante, la parte recurrida presentó *Moci[ó]n de Anotación de Rebeldía a Tenor con las Reglas 45.1, 45.2 de las de Procedimiento Civil Vigentes*. Argumentó que, había transcurrido el término dispuesto por las Reglas 45.1 y 45.2 de Procedimiento Civil, sin que la parte peticionaria hubiese contestado la demanda. A tales efectos, solicitó al foro recurrido la anotación de rebeldía al señor Orsini Maldonado.

El foro primario emitió *Orden* el 23 de septiembre de 2025, en la cual ordenó a la parte recurrida presentar copia del edicto publicado y del sobre del correo con la boleta de correo certificado para poder atender la solicitud de anotación de rebeldía. Subsiguientemente, la parte recurrida presentó *Moci[ó]n Cumpliendo Orden*. Mientras, el 24 de octubre de 2025, el foro *a quo* emitió *Orden* donde le concedió a la parte recurrida un término de 10 días para acreditar las gestiones realizadas para corregir la dirección postal, luego de que el correo le devolviera la carta enviada a la parte peticionaria por correo certificado.

La parte recurrida presentó *Moci[ó]n Cumpliendo Orden y Aclarando Particulares*. En su moción, sostuvo que, realizó diligencias para corroborar la dirección postal que se conocía de la parte peticionaria. Alegó haberse comunicado con la oficina postal de Fajardo donde le indicaron que la dirección postal 1309 Magdalena C-31 S. P.R. 00907 y la dirección 1309 Ave Magdalena C-31 S.J. 00907, eran correctas. Además, indicó que envió nuevamente la correspondencia a la dirección sugerida por la oficina postal.

Por otro lado, el 30 de octubre de 2025, el Tribunal de Primera Instancia emitió *Orden* donde expresó: "Enterado. El tribunal queda en espera de que nos informe sobre el resultado de las gestiones para notificar por correo".

Así las cosas, la parte recurrida presentó *Moci[ó]n Cumpliendo Orden y Reiterando Anotaci[ó]n de Rebeld[í]a y Pronunciamiento de Sentencia*. Mediante esta, solicitó al foro *a quo* que diera por notificado el emplazamiento, tramitara la anotación de rebeldía y dictara sentencia.

El Tribunal de Primera Instancia emitió *Sentencia* el 18 de noviembre de 2025, en la cual dispuso lo siguiente:

Habiéndose emplazado al demandado Francisco Orsini Maldonado conforme a derecho, y conociendo el demandado sobre las gestiones que se han llevado a cabo para concederle oportunidad de ser escuchado - este se ha negado – de manera temeraria - a comparecer y someterse a la jurisdicción de este tribunal.

En virtud de lo anterior, por haberse el demandado negado a comparecer; haber renunciado a su derecho a presentar evidencia sobre mejor título; haber renunciado a su derecho a presentar evidencia sobre su derecho a ocupar el inmueble; y haber renunciado a su derecho a presentar evidencia sobre pago de renta y/o exención para dicho pago, se dicta Sentencia para consignar el derecho de la parte demandante Mercedes Maldonado Collazo – por conducto de su Apoderada Mercedes Jenouri Maldonado - a tomar la posesión de la propiedad que radica en: Condominio Magdalena, Apartamento C-31, Calle Magdalena 1309, San Juan, PR 00907. En particular, toda vez que el demandado no ha logrado establecer que en este momento se haya revocado el Poder Duradero que fuera conferido por la Sra. Mercedes Maldonado Collazo a la Sra. Mercedes Jenouri Maldonado el 29 de junio de 2024. Ante el comportamiento temerario del demandado, se le condena al pago de las costas, gastos y honorarios de abogado incurridos por la parte demandante.

En virtud de todo lo anterior, y por dictarse esta Sentencia en Rebeldía, se deja sin efecto la Sentencia dictada el 25 de junio de 2025 y se sustituye por la que aquí se expide, sin necesidad de formular determinaciones de hechos ni conclusiones de derecho a tenor con la Regla 42.2 de Procedimiento Civil. Pérez Vargas v. Office Depot, 2019 T.S.P.R. 227, 203 D.P.R. 687 (2019).

El 28 de noviembre de 2025, la parte recurrida presentó *Moci[ó]n Solicitando Orden y Mandamiento de Lanzamiento en Ejecuci[ó]n de Sentencia.*

Tras varios trámites procesales, innecesarios pormenorizar, el 8 de diciembre de 2025, el foro *a quo* emitió *Orden* donde ordenó a la parte recurrida a presentar evidencia de publicación de la *Sentencia* mediante edicto, de la correspondiente declaración jurada del periódico y de la notificación a la parte peticionaria por correo certificado.

Conforme a la *Orden,* la parte recurrida presentó *Moci[ó]n Cumpliendo Orden.* Junto a su moción acompañó una declaración jurada donde se hizo constar la publicación de la *Sentencia*

mediante edicto en el periódico *The San Juan Daily Star* el 26 de noviembre de 2025. De igual forma, anejó el referido edicto.

La primera instancia judicial emitió *Orden* el 9 de diciembre de 2025, por medio de la cual declaró Ha Lugar la solicitud de lanzamiento instada por la parte recurrida.

Surge del expediente que, la notificación de la *Orden* emitida el 9 de diciembre de 2025, fue devuelta.

El 21 de enero de 2025, la parte peticionaria presentó *Solicitud Sobre: (I) Nulidad de Sentencia por Falta de Jurisdicción; y (II) Paralización de Lanzamiento*. En primer lugar, reiteró que, el foro primario no tenía jurisdicción sobre su persona. Reseñó que, el edicto anejado por la parte recurrida en la *Moci[ó]n Cumpliendo Orden*[2], no contenía la fecha de publicación, ni podía identificarse si correspondía al edicto al cual hace referencia la declaración jurada, así como tampoco incluyó la boleta del *US Postal Service* donde se acredita la fecha y dirección donde se notificó los documentos. Sostuvo, además, que, el 28 de octubre de 2025, la parte recurrida le remitió al señor Orsini Maldonado una notificación que no incluía copia de la *Demanda* ni el emplazamiento por edicto. Según la parte peticionaria, la parte recurrida contaba hasta el 29 de septiembre de 2025 para notificar por correo certificado con acuse de recibo la publicación del edicto, debido a que este alegadamente fue publicado el 19 de septiembre de 2025. Añadió que, aunque la notificación hubiera sido enviada dentro del término dispuesto por las Reglas de Procedimiento Civil, la misma era inoficiosa al no contener ni la *Demanda* ni el emplazamiento. De igual manera, alegó que, aunque la parte recurrida acreditó haber publicado la sentencia por edicto el 26 de noviembre de 2025, esta no cumplió con proveer copia de la evidencia de notificación mediante correo

---

[2] Presentada el 24 de octubre de 2025.

certificado a la parte peticionaria. De acuerdo a la parte peticionaria, hasta tanto no se acredite el cumplimiento con las disposiciones de las Reglas de Procedimiento Civil, la *Sentencia* no es final y firme, y por tanto la orden de lanzamiento es nula. Por otro lado, la parte peticionaria argumentó que, la *Sentencia* era nula al ser dictada sin jurisdicción.

Junto a la *Solicitud Sobre: (I) Nulidad de Sentencia por Falta de Jurisdicción; y (II) Paralización de Lanzamiento*, la parte peticionaria anejó una *Declaración Jurada* suscrita por sí mismo. Conforme a sus declaraciones, este no recibió notificación alguna de sentencia o sentencia por edicto, mediante correo regular ni correo certificado con acuse de recibo. Asimismo, afirmó haber recibido el 31 de octubre de 2025, un sobre por correo certificado con acuse de recibo, el cual contenía únicamente "un papel en blanco en su interior".

El 21 de enero de 2026, el foro *a quo* emitió *Orden* donde le concedió a la parte recurrida un término de diez días para expresarse en torno a la moción presentada por la parte peticionaria.

Así las cosas, la parte recurrida presentó *Moci[ó]n en Cumplimiento de Orden Bajo Protesta y Solicitud de que se Mantenga en Toda su Fuerza y Vigor la Sentencia y la Orden de Lanzamiento Correctamente Emitidas*. A juicio de la parte recurrida, la *Sentencia* era final, firme, inapelable y ejecutable. Además, le imputó al señor Orsini Maldonado conducta temeraria por motivo de la solicitud de nulidad de sentencia interpuesta por este. Añadió que, la solicitud de nulidad de sentencia era improcedente en derecho. Por tanto, solicitó al foro de primera instancia que declarara sin lugar la *Solicitud Sobre: (I) Nulidad de Sentencia por Falta de Jurisdicción; y (II) Paralización de Lanzamiento*.

El 26 de enero de 2026, el Tribunal de Primera Instancia emitió *Orden* en la cual determinó lo siguiente:

Examinado el expediente del presente caso, del cual surgen todas las gestiones que ha llevado a cabo la parte demandante para emplazar al demandado, **y la reiterada negativa del demandado de comparecer y someterse a la jurisdicción de este Honorable Tribunal**, se declara NO HA LUGAR la Solicitud de Relevo de Sentencia (SUMAC 58); y se ordena la continuación del procedimiento de lanzamiento.

Se hace constar que, contrario a lo que nos propone el demandado, nos resulta un contrasentido que la parte demandante desconozca la dirección postal de su propio inmueble.

En desacuerdo, la parte peticionaria presentó el recurso de epígrafe, donde le imputó al foro recurrido el siguiente señalamiento de error:

El Honorable tribunal de instancia erró al no declarar nula la sentencia dictada el 18 de noviembre de 2025 por no haberse emplazado a la parte demandada de conformidad con los requisitos jurisdiccionales de la Regla 4.6 de Procedimiento Civil.

Por otro lado, la parte recurrida presentó *Moci[ó]n Solicitando desestimaci[ó]n por Falta de Jurisdicción a Tenor con las Reglas 83 y 40 del Reglamento del Honorable Tribunal de Apelaciones.*

La parte recurrida también presentó *Alegato de la Parte Recurrida y Oposición a que se Expida el Auto.*

Por último, la parte peticionaria presentó *Oposición a Moción de Desestimación.*

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II**

**A. El Certiorari**

El certiorari es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021); *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372

(2020)[3]. Ahora bien, tal "discreción no opera en lo abstracto. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones[4], dispone los criterios que dicho foro deberá considerar, de manera que pueda ejercer sabia y prudentemente su decisión de atender o no las controversias que le son planteadas". (citas omitidas) *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008); *Pueblo v. Rivera Montalvo*, supra, pág. 372; *Torres González v. Zaragoza Meléndez*, supra, pág. 848. La precitada Regla dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[5]

No obstante, "ninguno de los criterios antes expuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones, supra, es determinante, por sí solo, para este ejercicio de jurisdicción, y no constituye una lista exhaustiva". *García v. Padró*, 165 DPR 324, 327

---

[3] Véase también, *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009).

[4] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, In re Aprob. Enmdas. Reglamento TA, 2025 TSPR 42, pág. __, 215 DPR __ (2025). https://dts.poderjudicial.pr/ts/2025/2025tspr42.pdf

[5] *Íd.*

(2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97.

El certiorari, como recurso extraordinario discrecional, debe ser utilizado con cautela y solamente por razones de peso. *Pérez v. Tribunal de Distrito*, 69 DPR 4, 7 (1948). Este procede cuando no está disponible la apelación u otro recurso que proteja eficaz y rápidamente los derechos del peticionario. *Pueblo v. Tribunal Superior*, 81 DPR 763, 767 (1960). Nuestro Tribunal Supremo ha expresado también que "de ordinario, el tribunal apelativo no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial*". Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992*); Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

## B. El Emplazamiento

Como es sabido, el emplazamiento es el mecanismo procesal que permite al Tribunal adquirir jurisdicción sobre la persona del demandado, para que este quede obligado por el dictamen que, en su día, emita el foro judicial. *Martajeva v. Ferre Morris*, 210 DPR 612 (2022); *Rivera Torres v. Díaz López*, 207 DPR 636, 646-647 (2021); *Pérez Quiles v. Santiago Cintrón*, 206 DPR 379, 384 (2021); *Cirino González v. Adm. Corrección, et al.*, 190 DPR 14, 30 (2014); *Banco Popular v. S.L.G. Negrón*, 164 DPR 855, 863 (2005).

Tal mecanismo procesal es parte esencial del debido proceso de ley, pues su propósito principal es notificar a la parte demandada que existe una acción judicial en su contra. De esta manera, la parte puede comparecer en el procedimiento, ser oído y presentar prueba a su favor. *Martajeva v. Ferre Morris*, supra, pág. 620; *Rivera Torres v. Díaz López*, supra, pág. 647; *Pérez Quiles v. Santiago Cintrón*, supra, pág. 384; *Banco Popular v. S.L.G. Negrón*, supra, pág. 863; *Global v. Salaam*, 164 DPR 474, 480 (2005); *Datiz v. Hospital Episcopal*, 163 DPR 10, 15 (2004); *Medina v. Medina*, 161 DPR 806 (2004). Por lo tanto, su adulteración constituye una flagrante violación al trato justo. *Torres Zayas v. Montano Gómez, et als.*, 199 DPR 458, 467 (2017); *Lucero v. San Juan Star*, 159 DPR 494, 507 (2003); *Reyes v. Oriental Fed. Savs. Bank*, 133 DPR 15, 22 (1993).

Conforme a lo anterior, no es hasta que se diligencia el emplazamiento y se adquiere jurisdicción que la persona puede ser considerada propiamente parte; aunque haya sido nombrada en el epígrafe de la demanda, hasta ese momento sólo es parte nominal. Véase: *Sánchez Rivera v. Malavé Rivera*, 192 DPR 854 (2015); *Medina v. Medina*, supra, pág. 823; *Acosta v. ABC, Inc.*, 142 DPR 927 (1997); *Torres Zayas v. Montano Gómez, et als.*, supra, pág. 467.

En nuestro ordenamiento jurídico, la figura del emplazamiento está regulada por la Regla 4 de las de Procedimiento Civil, 32 LPRA Ap. V. En particular, dicho precepto legal dispone que, una parte que interese demandar a otra deberá presentar el formulario de emplazamiento conjuntamente con la demanda para que el Secretario o Secretaria del Tribunal lo expida inmediatamente. Regla 4.1 de las de Procedimiento Civil, *supra*, 32 LPRA Ap. V. Una vez expedido el emplazamiento, la parte que lo solicita cuenta con 120 días para poder diligenciarlo. Lo anterior, a partir del momento en que se presenta la demanda o de la fecha de expedición del emplazamiento por edicto. Regla 4.3(c) de

Procedimiento Civil, *supra,* 32 LPRA Ap. V. En caso de que transcurra el referido término de 120 días y este no se diligencie, el tribunal deberá dictar sentencia en la que decrete su desestimación y archivo sin perjuicio del caso ante su consideración. *Íd.*; *Torres Zayas v. Montano Gómez, et als.,* supra, págs. 467-468; *Martajeva v. Ferre Morris,* supra, pág. 621.

Nuestras Reglas de Procedimiento Civil establecen dos maneras para diligenciar un emplazamiento: de forma personal o mediante edicto. *Sánchez Ruiz v. Higuera Pérez,* 203 DPR 982, 987 (2020). El emplazamiento personal es el método idóneo para adquirir jurisdicción. Ahora bien, por excepción y en circunstancias específicas, nuestras Reglas de Procedimiento Civil, *supra,* permiten que se utilice el mecanismo del emplazamiento por edicto. Regla 4.6(a) de Procedimiento Civil, *supra,* 32 LPRA Ap. V, R. 4.6(a); *Caribbean Orthopedics v. Medshape et al,* 207 DPR 994, 1005 (2021).

En particular, la Regla 4.6 de Procedimiento Civil, 32 LPRA Ap. V, R. 4.6, la cual regula todo lo relacionado al emplazamiento por edictos y su publicación, dispone lo siguiente:

> (a) Cuando la persona a ser emplazada esté fuera de Puerto Rico, o que estando en Puerto Rico no pudo ser localizada después de realizadas las diligencias pertinentes, o se oculte para no ser emplazada, o si es una corporación extranjera sin agente residente, y así se compruebe a satisfacción del tribunal mediante declaración jurada que exprese dichas diligencias, y aparezca también de dicha declaración, o de la demanda presentada, que existe una reclamación que justifica la concesión de algún remedio contra la persona que ha de ser emplazada, o que dicha persona es parte apropiada en el pleito, el tribunal podrá dictar una orden para disponer que el emplazamiento se haga por un edicto. No se requerirá un diligenciamiento negativo como condición para dictar la orden que disponga que el emplazamiento se haga por edicto.
>
> La orden dispondrá que la publicación se haga una sola vez en un periódico de circulación general de la Isla de Puerto Rico. La orden dispondrá, además, que dentro de los diez (10) días siguientes a la publicación del edicto se le dirija a la parte demandada una copia del

emplazamiento y de la demanda presentada, por correo certificado con acuse de recibo o cualquier otra forma de servicio de entrega de correspondencia con acuse de recibo, siempre y cuando dicha entidad no posea vínculo alguno con la parte demandante y no tenga interés en el pleito, al lugar de su última dirección física o postal conocida, a no ser que se justifique mediante una declaración jurada que a pesar de los esfuerzos razonables realizados, dirigidos a encontrar una dirección física o postal de la parte demandada, con expresión de éstos, no ha sido posible localizar dirección alguna de la parte demandada, en cuyo caso el tribunal excusará el cumplimiento de esta disposición.

Al respecto, nuestra última instancia judicial ha expresado que los requisitos que dispone la regla de emplazamiento son de estricto cumplimiento. Véase: *Rivera Torres v. Díaz López*, supra, pág. 647; *Quiñones Román v. Cía. ABC,* 152 DPR 367, 374–375 (2000); First *Bank of PR v. Inmob. Nac., Inc.*, 144 DPR 901 (1998); *Rodríguez v. Nasrallah,* 118 DPR 93 (1986). Ello, pues, "el emplazamiento es un trámite medular para el cumplimiento con el debido procedimiento de ley de un demandado y afecta directamente la jurisdicción del tribunal". *Rivera v. Jaume,* 157 DPR 562, 579 (2002); *Torres Zayas v. Montano Gómez, et als.*, supra, pág. 468.

Recordemos que, las normas sobre el emplazamiento "son de carácter impositivo, de las cuales no se puede dispensar. La razón de esta rigurosidad es que el emplazamiento se mueve dentro del campo del Derecho constitucional y más específicamente dentro del derecho del demandado a ser oído y notificado de cualquier reclamación en su contra". R. Hernández Colón, *Práctica jurídica de Puerto Rico: derecho procesal civil*, 6ta ed., San Juan, Ed. LexisNexis, 2017, pág. 257; *Torres Zayas v. Montano Gómez, et als.*, supra, pág. 468.

En ese sentido, es menester señalar que la falta de un correcto emplazamiento a la parte contra la cual un Tribunal dicta sentencia, "produce la nulidad de la sentencia dictada por falta de jurisdicción sobre el demandado […]". *Lonzo Llanos v. Banco de la Vivienda,* 133 DPR 509, 512 (1993). Véase *Reyes v. Oriental Fed. Savs. Bank,*

*supra*, págs. 21-22; *Rivera Torres v. Díaz López*, supra, págs. 647-648. Dicho de otro modo, "[t]oda sentencia dictada contra un demandado que no ha sido emplazado o notificado conforme a derecho es inválida y no puede ser ejecutada. Se trata de un caso de nulidad radical por imperativo constitucional". (Citas omitidas). *Torres Zayas v. Montano Gómez, et als.*, supra, págs. 468-469.

Finalmente, no podemos pasar por alto que el derecho al emplazamiento es renunciable. Tal renuncia puede suceder cuando la parte demandada se somete voluntariamente a la jurisdicción del tribunal. *Sánchez Rivera v. Malavé Rivera*, supra, págs. 872-873. "La sumisión voluntaria suple la omisión del emplazamiento, ya que tiene el efecto de que el tribunal adquiera jurisdicción sobre la persona. Una parte puede someterse al tribunal de forma explícita o implícita. La sumisión voluntaria puede suceder cuando comparece voluntariamente y realiza algún acto sustancial que la constituya parte en el pleito". *Sánchez Rivera v. Malavé Rivera*, supra, págs. 872-873.

En cuanto a la sumisión voluntaria, el Alto Foro ha expresado también que esto se "puede hacer al cumplir voluntariamente con las órdenes del tribunal y, a solicitud de éste, presentar documentos pertinentes dirigidos a dilucidar la reclamación incoada por la parte demandante en su contra". *Vázquez v. López*, 160 DPR 714, 721 (2003).

Esbozada la normativa jurídica que enmarca la controversia de epígrafe, procedemos a aplicarla.

**III**

En su único señalamiento de error, la parte peticionaria sostiene que, la primera instancia judicial incidió al no declarar nula la *Sentencia* dictada el 18 de noviembre de 2025, por no haberse emplazado al señor Orsini Maldonado conforme a los requisitos jurisdiccionales de la Regla 4.6 de las Reglas de Procedimiento Civil.

Según reseñáramos, el emplazamiento es el mecanismo procesal que permite al Tribunal adquirir jurisdicción sobre la persona del demandado, para que este quede obligado por el dictamen que, en su día, emita el foro judicial.[6] Dicho mecanismo procesal es parte esencial del debido proceso de ley, pues su propósito principal es notificar a la parte demandada que existe una acción judicial en su contra. De esta forma, la parte puede comparecer en el procedimiento, ser oído y presentar prueba a su favor.[7] Consecuentemente, no es hasta que se diligencia el emplazamiento y se adquiere jurisdicción que la persona puede ser considerada propiamente parte; aunque haya sido nombrada en el epígrafe de la demanda, hasta ese momento sólo es parte nominal.[8]

Nuestro Máximo Foro ha reseñado que los requisitos que dispone la regla de emplazamiento son de estricto cumplimiento.[9] Ello, pues, "el emplazamiento es un trámite medular para el cumplimiento con el debido procedimiento de ley de un demandado y afecta directamente la jurisdicción del tribunal".[10]

De un examen al expediente colegimos que, existe controversia en torno a si el señor Orsini Maldonado fue emplazado adecuadamente. Pese a que la parte recurrida detalló gestiones llevadas a cabo para emplazar a la parte peticionaria e incluso, aseguró haber cumplido con los requisitos de emplazamiento por edicto, surgen dudas sobre su cumplimiento. Puesto que, de acuerdo a una Declaración Jurada suscrita por el señor Orsini Maldonado, este recibió un sobre por correo certificado con acuse de recibo, el cual contenía únicamente "un papel en blanco en su

---

[6] *Martajeva v. Ferre Morris*, supra, pág. 624; *Rivera Torres v. Díaz López*, supra, págs. 646-647; *Pérez Quiles v. Santiago Cintrón*, supra, pág. 384.

[7] *Martajeva v. Ferre Morris*, supra, pág. 620; *Rivera Torres v. Díaz López*, supra, pág. 647; *Pérez Quiles v. Santiago Cintrón*, supra, pág. 384.

[8] *Torres Zayas v. Montano Gómez, et als.*, supra, pág. 467.

[9] *Rivera Torres v. Díaz López*, supra, pág. 647; *Quiñones Román v. Cía. ABC*, supra, págs. 374-375.

[10] *Rivera v. Jaume*, supra, pág. 579; *Torres Zayas v. Montano Gómez, et als.*, supra, pág. 468.

interior". De igual manera, hizo ciertos cuestionamientos respecto a la eficacia del emplazamiento por edicto y de la publicación de la *Sentencia* por edicto.

Dado a la rigurosidad impuesta sobre el mecanismo de emplazamiento, en virtud de la Regla 4 de las Reglas de Procedimiento Civil, será necesario devolver el caso al foro de primera instancia para que celebre una vista evidenciaria. Lo anterior, con el propósito de dilucidar si en efecto, la parte peticionaria fue emplazada de forma adecuada.

**IV**

Por los fundamentos que anteceden, se *expide* el recurso de *certiorari*, se *revoca* el dictamen recurrido y se devuelve el caso al Tribunal de Primera Instancia para que celebre una vista evidenciaria para determinar si el señor Orsini Maldonado fue emplazado adecuadamente.

Notifíquese.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones